BENJAMIN HOYT, Administrator, &c., of ELIZABETH HAIT, deceased, *v.* HERMAN THORN.

W. J., of the city of New York, died there, leaving a will, by which, after certain specific legacies and devises, he gave the residue of his property to W. J. T., when he should arrive at the age of twenty-one. The will was proved in New York, and the estate administered there. W. J. T. died before attaining twenty-one, and without issue. The bill claimed, that by the death of W. J. T. the devise and bequest of the said residue to him lapsed, and that the said residue was distributable among the next of kin of the testator.

E. H., who lived and died in New Jersey, was one of the next of kin. H. T., a citizen of New York, visited E. H., in her lifetime, at her residence in New Jersey, and obtained from her an assignment and release to him of all her interest in the said residue. The bill alleged that this assignment was obtained by fraud, and prayed that it might be declared void, and that H. T. might be decreed to account and to pay, &c. On the filing of the bill by the personal representative of the said E. H., a subpena was issued against H. T., and was returned "not found," with the usual affidavit of non-residence, and that H. T. resided in New York; and an order of publication was made in the usual form, and was duly published, and a copy thereof was served on H. T., in New York.

*Held*, that the Court did not thereby acquire jurisdiction of the case.

Benjamin Hoyt, of the township of Union, in the county of Essex, in this State, administrator *pendente lite* of the goods, chattels and credits of Elizabeth Hait, late of the same place, deceased, exhibited his bill, stating that William Jauncey, deceased, late of the city and State of New York, died, in the city of New York, on or about September 19th, 1828, leaving a will, by which he bequeathed all his estate, real and personal, both in New York and in Great Britain, to Sir Edmund Antrobus, of London, John White, captain in the British navy, Thomas Barclay, of New York, and John Rutherford, of New Jersey, in trust, &c., and after devising and bequeathing portions of his real and personal estate, gave and bequeathed all the residue and remainder of his property to William Jauncey Thorn, when he should arrive at the age of twenty-one years, to him and his heirs forever; and appointed the said Antrobus, White, Barclay and Rutherford executors of his will; that Antrobus and White declined acting as executors; and that Barclay and Rutherford proved the will in New York, and received letters testamentary as executors thereof; that Barclay died in April, 1830, leaving Rutherford sole surviving executor; that the said William Jauncey Thorn died November 18th, 1830, before attaining twenty-one, and without issue. The bill claims, that by his death before twenty-one, the devise and bequest to him of said residue and remainder lapsed, and that the said residue then belonged to and was distributable among the next of kin of the testator; that the said William Jauncey Thorn was the son of Jane Mary Thorn, named in the will, by her husband, Herman Thorn, now of the city and State of New York; that the said Elizabeth Hait, deceased, was, with others named in the bill, the next of kin of the testator; that in February, 1831, after the death of the said William Jauncey Thorn, James A. Hamilton, of the city of New York, counselor at law, obtained, from the Surrogate of the county of New York, letters of administration of the goods, chattels and credits of the said William J. Thorn; that Hamilton, as administrator as aforesaid, claimed that the said legacy to William J. Thorn did not lapse by his death, and claimed the right to receive the same from the said Rutherford, executor as aforesaid, and claimed that Herman Thorn was en-

titled to receive the same from him, Hamilton, as administrator as aforesaid ; that Herman Thorn, as the father of William J. Thorn, claimed to have and receive from the said executor, Rutherford, the portion of the estate of the testator, William Jauncey, that William J. Thorn would have been entitled to if he had attained twenty-one ; that some of the said next of kin of the testator, in July, 1831, filed their bill in the Court of Chancery of the State of New York, against the said Herman Thorn, J. A. Hamilton, John Rutherford, and the said Elizabeth Hait, for an account of the said residue and remainder, and the payment to them of portions thereof, as next of kin as aforesaid that before any proofs were taken in that cause, a compromise was made between the complainants therein and the said Herman Thorn, one of the defendants therein, whereby the said Herman agreed to pay to the said complainants $210,000, and in consideration thereof the said complainants released and assigned to him all their interest in the said residue and remainder ; that Elizabeth Hait died in Essex county, in this State, March 9th, 1845, leaving an instrument purporting to be her will, and appointing executors thereof, who renounced the executorship ; that a caveat was filed against the probate of said instrument as a will ; and that, on the 7th June, 1846, administration *pendente lite* was granted to the complainant ; that in June, 1833, Elizabeth Hait executed an instrument purporting to be an assignment and release to Herman Thorn of all her interest as one of the next of kin of the said testator, in the personal estate of the said testator ; and the bill states that the said instrument was fraudulently obtained, and is void in equity.   The bill states the facts and circumstances preceding and attending the execution of the said instrument, and on which it is claimed that the same is void, and states that it was executed by the said Elizabeth at her residence in the county of Essex, in this State ; that the said suit in New York was pending at the time of the execution of the said alleged assignment and release ; and that the said Elizabeth, as a defendant therein, had appeared to the said suit, by Walter Edwards, her solicitor ; and that, at the time of the execution of the said assignment and release, and as a part of the same fraudulent transaction, an instrument of writing was, by the

same and similar means, procured from the said Elizabeth, authorizing the said Herman Thorn to substitute any person he might designate as solicitor for the said Elizabeth in the said suit in New York, in the place of the said Walter Edwards; that Herman Thorn caused George W. Strong, who was the partner of, or in some way connected in business with, the solicitor of the said Herman, to be substituted as solicitor of the said Elizabeth in the said suit; that the said Herman Thorn, having thus obtained control of the said share of the said Elizabeth, and having previously obtained from the complainants in that suit their consent to assign and release their shares to him, an order was made in the said suit, on motion of the counsel of the said Herman Thorn, the counsel for the complainants therein consenting thereto, and the said Strong, as solicitor for the said Elizabeth, also consenting thereto; by which order it was, among other things, ordered, adjudged and decreed that the said John Rutherford should pay, out of the personal estate of the said testator, $210,000, the same being, as is stated in the said order, the consideration money of a deed of assignment and release to the said Herman Thorn, of the share of the complainants in that suit in the said residue and remainder of the personal estate of the said William Jauncey; which said deed of assignment and release was then placed as an escrow in the hands of Peter A. Jay—the said $210,000 to be paid to the said Jay for the use of the persons who had executed the said assignment and release; and that it be referred to a Master, to take and state an account of the estate in the hands of Rutherford, and that the said Rutherford pay the balance in his hands to the said James A. Hamilton, administrator, &c., of the said William J. Thorn, deceased; that, in pursuance of said order, an account was taken, &c., and that Rutherford, after deducting, &c., delivered over the residue and remainder of the said personal estate, amounting to upwards of $400,000, to the said James A. Hamilton, and delivered over to him all the share of the said Elizabeth Hait of the said residue to which she was entitled; and that, shortly afterwards, he (Hamilton) delivered over the same to the said Herman Thorn; and that said Herman still holds the said Elizabeth's share of the said residue.

The bill prays, that the said alleged assignment and release may be ordered to be delivered up to be cancelled, and that Herman Thorn may be ordered to account with the complainant, and to pay over to him such part of the residue and remainder of the personal estate of the said William Jauncey, deceased, as has at any time come to the hands of the said Herman Thorn, and to which the said Elizabeth was entitled in her lifetime.

Herman Thorn lived in the city of New York when the said assignment and release was procured, and still lives there.

On the filing of the bill a subpena was issued, and on its being returned "not found," with the usual affidavit of non-residence, and that Thorn resided in New York, an order of publication was made in the usual form; and a copy of this order, or some other notice of the filing of the bill, was served on Thorn, in the State of New York. The matter being stirred before the Court, it was agreed by the counsel for the complainant and the counsel for Thorn, that the question, whether the said proceedings could give this court jurisdiction in the case, should be argued on a motion to vacate the order of publication.

*W. Pennington* and *P. D. Vroom* for the motion. They cited 8 *John. Rep.* 86, 194; 5 *Ib.* 37; 5 *Mason's Rep.* 35, 42; 1 *Dallas* 261; 1 *Smith's Ch. Pr.* 152, 3; 4 *Wash. C. C. Rep.* 203; *Elm. Dig.* 60; 6 *Cranch* 148, 160; 2 *Paige* 404; *Story's Conflict of Laws* 546; *Hopk. Ch.* 213.

*W. Halsted* and *George Wood*, contra. They cited 6 *Harr. & John.* 201; 1 *Hill* 130, 139; 15 *John. Rep.* 121; 19 *Ib.* 39; 21 *Wend.* 40; *Elm. Dig.* 434, 443; 3 *Harrington's Rep.* 525; 4 *Con. Rep.* 380; 1 *Pet. Rep.* 73, 82, 3; 2 *Chitty's Gen. Pr.* 304, 5; *Ld. Kaime's Law Tracts* 215; 1 *Ves.* 447, 454; 4 *Cow.* 717; *Marvin's Law of Nations* 80, 102; 6 *Cranch.* 159; *Gilb. For. Rom.* 21; *Elm. Dig.* 139; 4 *John. Ch.* 106; *Story's Conf. of Laws*, sec. 549; 9 *East.* 192, 4; 6 *Ib.* 582; 7 *Ib.* 68; 4 *Ib.* 164; 7 *Sergt. & Rawle.* 579; 2 *Bos. & Pul.* 381; 8 *Amer. Jur.* 69; 21 *Wend.* 509; 3 *Con. Rep.* 1; 1 *Hill* 482; 6 *Mass.* 358; *Duponceau* 23, 26, 27; *Story's Confl.*, sec. 516, 519, 550, 540, 542, 536, 585; *Vattel*, Book 2, ch. 7, sec. 54, 5; 14 *John.*

*Rep.* 134; 16 *Ib.* 327; *Elm. Dig.* 566; 5 *John. Rep* 41; *Holt's Rep.* 12; 2 *Campb. Rep.* 63; 1 *Gallison* 585; 2 *Story's Eq. Jur.*, sec. 743, 4.

THE CHANCELLOR. I have not been able to take any view of this question which will authorize this court to proceed in this cause. Our statute directing publication in the case of an absent defendant can only apply to cases in which the court has jurisdiction of the subject matter of the suit. If it be not thus limited, there is no limit, either as to the persons of defendants or as to subject matter. Herman Thorn, a citizen of New York, by means of an assignment by Elizabeth Hait to him, received in New York the share to which she was entitled of the personal estate of William Jauncey, deceased, who lived and died in New York, whose will was proved there, and whose estate was administered there. If he has received it wrongfully, or in such manner and by such means that he will be held to have received it for her use, and to be accountable to her for it, her claim is against him personally. *Equitas agit in personam :* the primary decree in all suits in equity is *in personam.* The end and object of any suit instituted by her against him would be the recovery of the money from him. The assignment by means of which Thorn received the money was executed in this State ; and it is contended that, inasmuch as the prayer of the bill is, that the assignment may be set aside, as well as that Thorn may account and pay the money ; and as the charge in the bill is, that the assignment was procured by fraud, the subject matter of the suit is here. It is admitted that it was necessary to go, in this bill, for an account and payment of the money, as well as for the setting aside of the assignment ; that the suit must be wholly here, or wholly in New York. But it is contended that the fraudulent procurement of the assignment is the subject matter of the suit, the gravamen, and will draw the matter of account and payment to it as incidents. I cannot see the matter in this light. If Elizabeth Hait had been on a visit to Connecticut, and the assignment had been procured from her there, would a Connecticut court have jurisdiction without the service of process ? Thorn has received the money. Of what utility could it

be for this court to declare the assignment void ?   He is in New York, with the money in his pocket.   The complainant would be obliged to prosecute him there for the money.   If he had not received it, would a suit here to set aside the assignment prevent his receiving it ?   The case amounts only to this :  Thorn has received the money by means of the assignment ; if the assignment was fraudulently procured, he has received the money wrongfully, and will be held to have received it for her use ; and her claim against him is *in personam*.   It cannot be that the place where the assignment was executed can give locality to the claim for the money.   Does Thorn's coming into this State and procuring the assignment, make the case in any way different from what it would have been if he had by letters induced her to send it to him in New York ?   He having received the money, the cause of action or object of suit is the recovery of it from him.   The cause of action or subject matter of the suit cannot be the mere negation of the validity of the authority by which he received it.   Where would be the jurisdiction on assumpsit at law ?   It is said that fraud in the procuring the assignment gives jurisdiction to this court, because the fraud was practiced here ; the fraud not being in the mere execution of the instrument.   But what was this assignment other than a personal contract by which Thorn was authorized to receive her money, transitory in its character ; a contract authorizing a citizen of New York to receive; in New York, money that she was entitled to there.   It seems to me it would be going very far to say that such a contract is a *reslocata* in such a sense that to act upon it would be proceeding *in rem*.   Where would the principle contended for in opposition to the motion stop ?   A citizen of New York, indebted to me, a resident of this State, comes here, and by fraud gets my receipt for the debt.   Could a suit be instituted against him in this court, without service of process on him, for the money ?   Certainly not.   Would the putting in the bill a prayer to set aside the receipt remove the difficulty ?   I think not.   The fact that a notice of the suit has been served on Thorn in New York cannot aid the complainants.   If that was sufficient, any citizen in New York, having a claim *in personam*

against another citizen of New York, could give this court jurisdiction of it.

The order of publication will be vacated.

Order accordingly.